UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

RENE LATHON,

       Plaintiff,

v.                                       Civil Action No. 3:09cv57

WAL-MART STORES EAST, LP,

       Defendant.

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion to Dismiss. (Docket No. 4.) Plaintiff has responded (Docket No. 6), and the matter is ripe for adjudication. No hearing is necessary. *See* Local Civil Rule 7(J) ("[T]he Court may rule upon motions without an oral hearing."). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1332,[1] and 636(c).

**I. Factual Background**

Plaintiff Lathon filed a complaint in the Circuit Court for the City of Fredericksburg against Defendant Wal-Mart Stores East, LP ("Wal-Mart") on August 5, 2008. She states that while shopping at a Wal-Mart store in Fredericksburg, she "was caused to slip and fall because of unsafe conditions existing on the premises, including but not limited to, an unmarked wet, slippery floor in the school supplies section." (Compl. ¶ 5.) (Docket No. 1 Ex. A.) She alleges that Wal-Mart had an obligation to maintain a safe store for its customers, and that as a

---

[1] The amount in controversy exceeds $75,000, and diversity of citizenship exists. 28 U.S.C. § 1332. Plaintiff is a citizen of New York, and Defendant is a Delaware corporation with its principal place of business in Arkansas. (Notice of Removal ¶¶ 4-6.) (Docket No. 1.)

proximate cause of Wal-Mart's failure to keep the floors in a safe condition, she suffered bodily injuries. She seeks $500,000 in compensatory damages.

Her Complaint sets forth three separate Counts against Wal-Mart. Count I alleges that Wal-Mart "negligently failed to inspect the floor for unsafe conditions," in violation of its duty to keep the floor safe for individuals. (Compl. ¶ 10.) Count II alleges that Wal-Mart "negligently permitted an unsafe condition on the floor," in violation of its duty to repair any unsafe condition known to or discoverable by Wal-Mart. (Compl. ¶ 15.)  Count III alleges that Wal-Mart "negligently failed to warn of an unsafe condition on the floor that created an unreasonable risk of injury to individuals, including Plaintiff," in violation of its duty to warn individuals of unsafe conditions. (Compl. ¶ 20.)

## II. Procedural Background

Defendant moves pursuant to Federal rule of Civil Procedure 12(b)(6) "to dismiss these individual counts of negligence," Mem. P. & A. Supp. Mot. Dismiss 1 (Docket No. 5), because "[t]here are no separate claims of negligence under these theories of liability under Virginia law in the context of a garden-variety slip and fall premises liability case," *id.* at 3. Defendant suggests that Plaintiff, by pleading three separate counts of negligence, "has attempted to impose additional duties upon Wal-Mart in her Complaint, including negligent failure to maintain/repair, failure to warn, and failure to inspect." (*Id.* at 2-3.) Plaintiff counters that her separate allegations are consistent with Virginia law, specifically, the case cited by both parties, *Colonial Stores Inc. v. Pulley*, 125 S.E.2d 188 (Va. 1962).

2

### III. Standard of Review

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Federal Rule of Civil Procedure 8(d)(2) states: "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2). Additionally, "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

### IV. Analysis

Defendant contends that Plaintiff's Complaint should have stated a single general negligence claim rather than the three claims she places before the Court. This position

3

contravenes the dictates of Fed. R. Civ. P. 8(d)(2), and Defendant cites no authority in support of its motion to dismiss on this basis.

In order to establish a prima facie negligence claim, a plaintiff has the burden of proving "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 585 S.E.2d 545, 548 (Va. 2003); *see also Trimyer v. Norfolk Tallow Co.*, 66 S.E.2d 441, 443 (Va. 1951). *Colonial Stores* contemplates three types of duties owed by a store to its invitees to keep its premises safe: (1) the duty to keep the premises in a reasonably safe condition; (2) to remove within a reasonable time foreign objects from its floors which it knew or had reason to know were there; and, (3) to warn invitees of unsafe conditions known to it but not to invitees. *Colonial Stores*, 125 S.E.2d at 190; *see also Winn-Dixie Stores, Inc. v. Parker*, 396 S.E.2d 649, 650 (Va. 1990). Plaintiff's Counts I, II, and III correspond to the scope of a store's duties to an invitee as identified by the Supreme Court of Virginia in *Colonial Stores*. The Court sees no error in such a pleading framework. *See Harris v. United States*, No. 4:07cv18, 2007 WL 4562875, at *3 (E.D. Va. 2007).

Rule 8(d)(2) allows a plaintiff to plead alternate theories of a claim, and Plaintiff has plausibly alleged each of the elements of negligence in Counts I, II, and III. Dismissal under Rule 12(b)(6) is not appropriate. The discovery process will allow the parties to discern which, if any, of the theories put forth by Plaintiff in her Complaint apply to the facts of this case. Plaintiff may assert her separate "failure to inspect," "failure to maintain/repair," and "failure to warn" theories of Defendant's alleged negligence, and need not elect among them a single theory on which to proceed. *See United Roasters, Inc. v. Colgate-Palmolive Co.*, 649 F.2d 985, 990-91 (4th Cir. 1981); *see also Pallone v. Marshall Legacy Inst.*, 97 F. Supp. 2d 742, 744 n.2 (E.D. Va.

4

2000) (rejecting defendant's argument that one of plaintiff's counts in her complaint was "not necessary because plaintiff's claims 'overlap,'" and noting that the fact of "overlapping" claims "is not relevant on a motion to dismiss, because under the Federal Rules, plaintiff is free to state claims in the alternative.").

## V. Conclusion

For the foregoing reasons, the Court shall DENY Defendant's Motion to Dismiss. (Docket No. 4.)

An appropriate Order shall issue.

/s/ _____

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 4/29/09

5