**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

RENE LATHON,

        Plaintiff,

v.                                         Civil Action No. 3:09cv00057

WAL-MART STORES EAST, LP,

        Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Wal-Mart Stores East, LP ("Wal-Mart"), by counsel, provides the following Memorandum of Points and Authorities in Support of its Motion for Protective Order.

**FACTS**

This is a personal injury action that arises from an incident that occurred at a Wal-Mart store located in Fredericksburg, Virginia on August 20, 2006. Trial is set for July 14 and 15, 2009.

The Final Pretrial Conference is scheduled for July 7, 2009. "All discovery, including the required time period for response to any discovery demand(s)," is to be completed no later than forty (40) days before the Final Pretrial Conference. (See Scheduling and Pretrial Order at ¶ 5.) Based on these dates and deadlines, discovery closed on May 28, 2009, and any discovery demands had to be served by April 28, 2009, in order for a response to be done prior by the discovery deadline.

The deadline to file dispositive motions is thirty (30) days before the Final Pretrial Conference. (See Scheduling and Pretrial Order at ¶ 6.) Therefore, dispositive motions must be filed by June 5, 2009[1].

By e-mail dated April 30, 2009, the plaintiff informed Wal-Mart of his desire to take its deposition under Federal Rule of Civil Procedure 30(b)(6). The following day, May 1, 2009, the defendant responded by e-mail, asking for a draft notice of the Rule 30(b)(6) deposition so he could contact Wal-Mart about the topics and appropriate deponent. (See E-mail and letter of May 1, 2009, from D. Cameron Beck, Jr., to Lawrence Thrower, attached as Ex. A.) That same day, plaintiff's counsel replied by e-mail, with an attached letter stating, "I will send you a draft Notice of 30(b)(6) so that you can find appropriate personnel at Wal-Mart who are responsive to these matters." (See E-mail of May 1, 2009, from Lawrence Thrower to D. Cameron Beck, Jr., and attached letter dated April 16, 2009, attached as Ex. B.)[2]

The plaintiff did not provide a draft Rule 30(b)(6) notice until May 27, 2009, at 5:39 p.m., and asked that the deposition occur "ASAP." (See E-mail of May 27, 2009, from Lawrence Thrower to D. Cameron Beck, Jr., attached as Ex. C.) In fact, the plaintiff provided two separate draft Rule 30(b)(6) notices. One notice primarily focuses on maintenance and cleaning issues. (See Notice of Dep., attached as Ex. D.) The other notice primarily focuses on issues surrounding surveillance and notice. (See Notice of Dep., attached as Ex. E.)

In addition to the Rule 30(b)(6) notices, the plaintiff, as part of the same document as the notices, served two separate Requests for Production. Under Federal Rule of Civil Procedure 34(b)(2)(A), Wal-Mart is entitled to 30 days to respond to the Requests for Production. (Even if

---

[1] Thirty days before the Final Pretrial Conference is Sunday, June 7, 2009. The Scheduling and Pretrial Order provides that if a deadline falls on a Sunday, the deadline in fact expires "at 5:00 p.m. on the nearest preceding business day." (See Scheduling and Pretrial Order at ¶ 16.)
[2] The letter is dated April 16, 2009. This is a typographical error as the letter was in response to an emailed letter from defense counsel dated May 1, 2009, and Plaintiff's counsel emailed the letter on May 1 to defense counsel.

Wal-Mart were to expedite its response, it still requires at least two weeks to identify, assemble, and produce the responsive documents).

Counsel for Wal-Mart certifies that he sent a letter to Plaintiff's counsel on May 28 expressing Wal-Mart's objections to the discovery and subsequently, conferred via telephone with plaintiff's counsel on the same day in an attempt to resolve these issues.

**ARGUMENT**

**I. WAL-MART'S MOTION FOR PROTECTIVE ORDER SHOULD BE GRANTED.**

**A. Standard of Review.**

Upon motion of a party, the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" issuing an order "(A) forbidding the disclosure or discovery." See Fed. R. Civ. P. 26(c)(1).

A scheduling order "may be modified only for good cause and with the judge's consent." See Fed. R. Civ. P. 16(b)(4). A showing of good cause requires that the party needing the extension of the deadlines show that the deadlines cannot be met despite the party's due diligence. 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1 (2d ed. 1990). "Mere failure on the part of counsel to proceed promptly with the normal processes of discovery shall not constitute good cause for an extension or continuance." L. R. 16(B).

Wal-Mart seeks a Protective Order quashing the plaintiff's 30(b)(6) deposition notices and the contemporaneously served Requests for Production. Both the deposition notices and Requests for Production are untimely and in violation of the Scheduling and Pretrial Order. Furthermore, the notices seek information that is not proper for discovery.

## B. The Plaintiff's Discovery Requests Are Untimely.

The plaintiff has ignored the court's Scheduling Order.[3] Pursuant to the Scheduling and Pretrial Order, discovery closes on May 28, 2009. The parties are required to finish all discovery by that date. This includes serving any discovery requests, such as Requests for Production, at least thirty days in advance of May 28, so that the responding party has the allowed time to respond.

On April 30, 2009, plaintiff's counsel informed defense counsel of his desire to take Rule 30(b)(6) depositions in this matter. The next day, defense counsel responded to this request by informing plaintiff's counsel that he needed to provide a draft deposition notice so defense counsel could identify the proper deponent(s) and work out the scheduling. That same day, the plaintiff's counsel said he would provide draft notices. Ultimately, the plaintiff did not provide the draft deposition notices until almost four weeks later – one day before the discovery deadline.

The plaintiff also failed to serve his two sets of Requests for Production in a timely manner. The plaintiff served the Requests for Production by e-mail after 5:00 p.m. the day before the discovery deadline. Plaintiff is required to serve any discovery requests at least 30 days before the discovery deadline. Instead, he served them about 30 hours before the discovery deadline.

If the deadlines in the Scheduling and Pretrial Order are to serve their purpose of having discovery conducted in an orderly and timely fashion, the deadlines need to be enforced in cases like this. The plaintiff has waited until the day before the end of discovery to notify Wal-Mart of the topics about which he seeks to examine Wal-Mart's corporate designee(s). With respect to

---

[3] As set forth in previously filed motions, the plaintiff did not designate experts in a timely manner or produce any medical bills or records during the course of the litigation. To date, the plaintiff still has not identified any experts, produced any bills, provided any medical records or a statement of damages, except for the less than $7,000 in bills and medical records provided to Wal-Mart's claims company prior to litigation.

his Requests for Production, the plaintiff has waited four weeks past the deadline to serve discovery requests. Additionally, the plaintiff has not sought the Court's permission to extend the scheduling deadlines, as required by Rule 16(b)(4). Furthermore, even if the plaintiff had sought such an extension, the plaintiff cannot show he has exercised due diligence in attempting to serve discovery and notice the 30(b)(6) depositions in a timely manner.

Wal-Mart will be prejudiced if the plaintiff is allowed to take its deposition and demand production of documents. The deadline to file dispositive motions is June 5, 2009, and the nature of the plaintiff's proposed deposition topics and Requests for Production is such that Wal-Mart cannot respond in a mere matter of days.

### C. Plaintiff's Deposition Areas of Inquiry and Requests for Production are Improper.

For all of the reasons set forth above, the discovery should be barred from occurring. The plaintiff also seeks information that is beyond the scope of discovery. Wal-Mart has the following substantive objections to the discovery.

#### i. Maintenance and Cleaning Deposition Topics

Topic (1) seeks Wal-Mart's responsibilities for providing safety procedures. It is unclear what the plaintiff means by this topic. Wal-Mart has a legal duty to use ordinary care to have the premises in a reasonably safe condition. It is unclear what, besides a simple statement of this standard, the plaintiff seeks to inquire about.

Topic (2) seeks information about how the floors were inspected or monitored and the documentation of these procedures. Following consultation, the plaintiff and Wal-Mart agree to limit this topic to the time surrounding the accident.

Topic (3) seeks information about the recordkeeping methods by which Wal-Mart monitors, logs, records, and/or documents their safety procedures and accident prevention steps.

Following consultation, the plaintiff and Wal-Mart agree to limit this topic to the time surrounding the accident.

Topic (4) seeks information regarding Wal-Mart's records that were prepared for the plaintiff's alleged incident, records that were supposed to be prepared, investigative steps taken after the incident, and methods and recommendations to ensure such incidents do not occur again. This topic seeks information protected by the attorney-client privilege. Wal-Mart has already provided the plaintiff with all records besides claims notes that were included in Wal-Mart's privilege log and no other records were supposed to have been prepared.

Topic (5) seeks information regarding any complaints about how the floor was maintained and any problems related to the use, or lack of use, of warnings. This topic is overly broad in time and scope and seeks irrelevant information.

Topic (6) seeks information regarding Wal-Mart's training and familiarity with industry safety policies and procedures for mopping/cleaning floors and warnings of wet or slippery floors. This topic – industry policies and procedures – is appropriate for expert testimony. Wal-Mart's understanding of industry policies and procedures is inappropriate for a Rule 30(b)(6) deposition.

Topic (7) seeks information regarding how and under what circumstances warnings were given and were supposed to be given regarding use of areas where the floor is wet. Wal-Mart agrees to this topic, as long as it solely refers to floors that Wal-Mart knew were wet. Following consultation, the plaintiff and Wal-Mart agree to limit this topic to the time surrounding the accident.

Topic (8) asks for full identifying information for any employee involved in the incident or who arrived within one (1) hour of the incident. Wal-Mart has already provided this information.

Topic (9) seeks the identity of all eyewitness who were present at the time of the incident or who arrived within one (1) hour of the incident. Wal-Mart has already provided this information.

### ii. Maintenance and Cleaning Requests for Production

Wal-Mart has already produced the items requested in Nos. (1) through (5), save claims notes that were included in Wal-Mart's privilege log.

Request (6) seeks current curriculum vitae for each of Wal-Mart's experts. Wal-Mart objects to this request, as it has no connection to the Rule 30(b)(6) deposition and is purely an untimely request for production.

Request (7) seeks various materials related to mopping/cleaning floors, inspecting floors, how to respond to an injury to a customer, procedures for taking incident or accident reports, and procedures for obtaining the names of witnesses or others with knowledge of an incident. Wal-Mart objects to this request for production because it, in addition to be untimely, is overly broad in time and scope and irrelevant because there is no video of the accident scene.

### iii. Surveillance and Notice Deposition Topics

Topic (1) seeks information regarding Wal-Mart's responsibilities for providing security camera use. It is unclear what the plaintiff means by this topic, but it appears to ask what Wal-Mart deems its responsibilities to be with respect to security cameras. There is no requirement that Wal-Mart have security cameras.

Topic (2) seeks information regarding the inspection, monitoring, and maintenance of security cameras and documentation related thereto. Following consultation, the plaintiff and Wal-Mart agree to limit this topic to the time surrounding the accident.

Topic (3) seeks information regarding Wal-Mart's recordkeeping methods for monitoring, logging, recording, and/or documenting the condition of security cameras. Following consultation, the plaintiff and Wal-Mart agree to limit this topic to the time surrounding the accident.

Topic (4) seeks information regarding Wal-Mart's recordkeeping methods for monitoring, logging, recording, and/or documenting any incident recorded by the security cameras. Following consultation, the plaintiff and Wal-Mart agree to limit this topic to the time surrounding the accident.

Topic (5) seeks information regarding records prepared for the alleged incident, all records that were supposed to have been prepared, investigative steps taken after the incident, and methods and recommendations to assure that any records of the incident were preserved. This topic seeks information protected by the attorney-client privilege. Wal-Mart has already provided the plaintiff with all records besides claims notes that were included in Wal-Mart's privilege log and no other records were supposed to have been prepared. Wal-Mart will agree to questions regarding "Wal-Mart's steps taken after the incident to preserve any video of the alleged incident."

Topic (6) seeks information regarding Wal-Mart's training and familiarity with industry procedures and policies for maintaining recorded information and reviewing recorded information after an incident is reported. This topic – industry policies and procedures – is

appropriate for expert testimony. Wal-Mart's understanding of industry policies and procedures is inappropriate for a Rule 30(b)(6) deposition.

Topic (7) seeks information regarding how and under what circumstances permission is given for the destruction of recorded images. Following consultation, the plaintiff and Wal-Mart agree to limit this topic to the time surrounding the accident.

Topic (8) seeks full identifying information regarding any employee who reviewed any recordings of any incident on media that would have contained recordings from the date of the incident. Wal-Mart will agree to this topic.

### iv. Surveillance and Notice Requests for Production

Request (1) seeks documents, photographs, video, etc., from August 20, 2006. This request is overly broad in scope. Nonetheless, Wal-Mart has already produced all relevant photographs, documents, or video.

Request (2) seeks records obtained through subpoenas or deposition in this case. Wal-Mart has already produced all documents received pursuant to subpoena *duces tecum* and no documents have been received through depositions.

Request (3) seeks any statements taken from witnesses of the accident or persons with knowledge of facts and circumstances relevant to the accident and lawsuit. Wal-Mart has already produced this information, save for claims notes included in Wal-Mart's privilege log.

Request (4) seeks any accident or incident reports concerning the accident. Wal-Mart has already produced this.

Request (5) seeks documents related to the video system installed in the Wal-Mart store at issue, maintenance of video recordings, retention of video recordings, destruction of video recordings, and proper procedures for maintaining recordings related to incident or accident

reports. This request is overly broad in time and scope. It is also irrelevant because there was no video of the accident scene.

The plaintiff also tries to include within the scope of Request (5) materials in the possession of the corporate defendant, any risk management division of the defendant, or materials provided to employees, executive and management personnel, or third-parties with whom Wal-Mart contracts. The plaintiff's attempt to broaden the scope of his request is improper and he cannot expand Wal-Mart's duties to provide information beyond what is required by Rule 34.

## CONCLUSION

WHEREFORE, Wal-Mart respectfully requests that the Court enter a Protective Order forbidding the Plaintiff from proceeding with the Rule 30(b)(6) depositions and obtaining information pursuant to the Requests for Production included therein.

WAL-MART STORES EAST, LP

By: /s/ D. Cameron Beck, Jr.
    D. Cameron Beck, Jr.
    Virginia State Bar No. 39195
    Joseph M. Moore, Esq.
    Virginia State Bar No. 48591
    Attorneys for Wal-Mart
    Morris & Morris, P.C.
    700 East Main Street
    Suite 1100
    P.O. Box 30
    Richmond, VA  23218
    (804) 344-8300 Telephone
    (804) 344-8359 Facsimile
    cbeck@morrismorris.com
    jmoore@morrismorris.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of May, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Lawrence A. Thrower, Esq.
10410 Kensington Pkwy., Suite 202
Kensington, MD 20895
(301) 962-5002 Telephone
(301) 962-4848 Facsimile
throwerlawfirm@comcast.net

/s/ D. Cameron Beck, Jr.
D. Cameron Beck, Jr.
Virginia State Bar No. 39195
Joseph M. Moore, Esq.
Virginia State Bar No. 48591
Attorneys for Wal-Mart
Morris & Morris, P.C.
700 East Main Street
Suite 1100
P.O. Box 30
Richmond, VA  23218
(804) 344-8300 Telephone
(804) 344-8359 Facsimile
cbeck@morrismorris.com
jmoore@morrismorris.com