UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

RENE LATHON,

        Plaintiff,

v.                                                         Civil Action No. 3:09cv57

WAL-MART STORES EAST, LP,

        Defendant.

## MEMORANDUM OPINION

Pending before the Court are Defendant's Motion to Exclude Plaintiff's Experts (Docket No. 13), Defendant's Motion to Exclude Plaintiff's Medical Bills and Records (Docket No. 17), Defendant's Motion for Protective Order (Docket No. 19), and Plaintiff's Motion to Dismiss Without Prejudice (Docket No. 21). The Court held a hearing on these motions on June 18, 2009. Jurisdiction exists pursuant to 28 U.S.C. §§ 1332 and 636(c).

### I. Factual Background

Plaintiff Lathon filed a complaint in the Circuit Court for the City of Fredericksburg against Defendant Wal-Mart Stores East, LP ("Wal-Mart") on August 5, 2008.[1] She alleges that while shopping at a Wal-Mart store in Fredericksburg, she slipped and fell on an unmarked wet, slippery floor in the school supplies section. (Compl. ¶ 5.) (Docket No. 1 Ex. A.) Plaintiff fractured her left heel in the accident, had to have her Achilles repaired, has undergone two knee surgeries, has a herniated disk in her neck, and suffers from headaches. (Def.'s Mem. Supp.

---

[1] Plaintiff provided a courtesy copy of the Complaint to Defendant Wal-Mart, which chose to remove the action after five months, prior to formal service of the Complaint.

Mot. Exclude Pl.'s Medical Bills Ex. A, Pl.'s Dep. 48:15-20). (Docket No. 18.) She seeks $500,000 in compensatory damages.

## II. Procedural Background

A jury trial in this case is set to commence on July 14, 2009. Under the terms of the Scheduling and Pretrial Order entered March 31, 2009 (Docket No. 10), discovery was to end on May 28, 2009, and dispositive motions due on June 5, 2009. Plaintiff's expert witness disclosures were due seventy-five days before trial, or on April 30, 2009.

Plaintiff's discovery efforts have languished. Plaintiff attributes this failure to her April 24, 2009 knee surgery, which counsel for Plaintiff advised defense counsel in an April 30, 2009 email "throws a wrench into our ability to get necessary information. No doctor can accurately opine about her condition, maximum medical recovery or future meds for several months." (Pl.'s Mem. P. & A. Opp'n Def.'s Mot. Exclude Pl.'s Experts Ex. B.) Plaintiff has not filed any expert witness disclosures, nor has she moved to continue the trial date or otherwise amend the trial schedule to accommodate Plaintiff's anticipated convalescence. Defendant moves to exclude any putative proposed experts on the basis of Plaintiff's failure to timely designate them.

On May 27, 2009, one day before the close of discovery, Plaintiff served two draft Rule 30(b)(6) deposition notices on Defendant, each with concomitant Requests for Production. Defendant moves for a protective order pursuant to Fed. R. Civ. P. 26(c)(1) quashing the Rule 30(b)(6) notices and Requests for Production as untimely. (Def.'s Mem. P. & A. Supp. Mot. Protective Order 3.) (Docket No. 20.)

Defendant filed its Motion to Exclude Plaintiff's Experts on May 18, 2009; its Motion to Exclude Plaintiff's Medical Bills and Records on May 19, 2009; and its Motion for Protective Order on May 29, 2009. Plaintiff filed her Motion to Dismiss Without Prejudice Under Rule 41(a)(2) on May 29, 2009.

### III. Analysis

**A. Plaintiff's Motion to Dismiss Without Prejudice Under Rule 41(a)(2)**

Plaintiff moves to voluntarily dismiss the action, without prejudice, with the expectation that the matter can be re-filed within six months of the dismissal order. (Pl.'s Mot. Dismiss Without Prejudice Under Rule 41(a)(2) ¶¶ 9-10.) (Docket No. 21.) Plaintiff had surgery on April 24, 2009, three days before Defendant deposed her on April 27, 2009. (Pl.'s Mot. Dismiss Without Prejudice Under Rule 41(a)(2) ¶ 7.) Plaintiff suggests that she "will not be in a position for proper evaluation for months," and therefore "[d]ismissal of this action at this time would allow time to get in a position to evaluate the case" realistically. (Pl.'s Mem. P. & A. Supp. Mot. Dismiss 2.)

Rule 41(a) governs voluntary dismissal of actions. "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The rule contemplates that such terms shall "obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice," and should only be imposed in "those conditions [that] actually will alleviate harm to the defendants." *RMD Concessions, L.L.C. v. Westfield Corp., Inc.*, 194 F.R.D. 241, 243 (E.D. Va. 2000) (citations and internal quotations omitted) (alteration in original). The Court deems it proper to deny the motion on the grounds that prejudice to the Defendant would result. However, the Court will continue the trial.

3

The record shows that both parties were aware, and agreed, that the continuing nature of Plaintiff's recovery made evaluation of her damages and extent of disability difficult to evaluate during the discovery period. (*See* April 30, 2009 emails between Lawrence Thrower and Cameron Beck) (Pl.'s Mem. P. & A. Supp. Mot. Dismiss Ex. 2). Both parties knew or should have known that Plaintiff's surgery would have some impact on the progression of discovery and the trial date. Plaintiff did not move to voluntarily dismiss her case until *after* the close of discovery and *after* Defendant moved to exclude her putative experts, medical bills, and medical records from evidence. *Cf. Miller v. Terramite Corp.*, 114 F. App'x 536, 540 (4th Cir. 2004) (No. 03-2449), *available at* 2004 WL 2245135, at *3. Dismissal without prejudice is inappropriate in this instance, given Plaintiff's lack of diligence. *See Howard v. Inova Health Care Servs.*, 302 F. App'x 166, 178-79 (4th Cir. 2008) (Nos. 07-1885, 07-2035), *available at* 2008 WL 5110970, at *11; *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Moreover, Plaintiff's contention that her April surgery must cause litigation to cease overstates the case. The record indicates two previous surgeries have commenced. Nothing necessarily precludes future surgeries. Medical experts are well versed in assessing varying stages of recovery and weighing potential outcomes. Cases cannot wait for full recovery, even presuming that full recovery is possible.

Additional time for trial and discovery will minimize the difficulty of assessing Plaintiff's damages, while balancing Defendant's right to have the case proceed to trial in this Court. As such, the Court DENIES Plaintiff's motion for dismissal without prejudice.

### B. Defendant's Motions Pertaining to Discovery

Defendant has filed several motions as a result of Plaintiff's failure to meet discovery deadlines. These motions seek the most severe sanction for such failure: exclusion of evidence. The Court declines to impose such high-level sanctions at this stage. Instead, the Court will extend discovery and continue the trial date, and award Defendant the costs of bringing its three discovery-related motions, as well as its Motion for Summary Judgment. (Docket No. 25.)

Rule 37(c)(1) governs failure to disclose or supplement discovery responses required by Rule 26(a) or (e).[2] The rule provides:

> **(1) *Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> 
>     (A)    may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . .

In determining whether to excuse a party's failure to comply with the disclosure requirements of Rule 26, courts consider five factors in deciding whether such failure is "substantially justified or . . . harmless" under Rule 37(c)(1):

> (1) the surprise to the party against whom the evidence would be offered;
> (2) the ability of that party to cure the surprise;
> (3) the extent to which allowing the evidence would disrupt the trial;
> (4) the importance of the evidence; and
> (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Banks v. Cook*, 3:08cv514, 2009 WL 196532, at *3 (E.D. Va. Jan. 26, 2009) (Dohnal, J.); *see*

---

[2] Thus, the same standard (Rule 37(c)(1)) governs Plaintiff's failures to designate expert witnesses (as required by Rule 26(a)(2)(A)) and to supplement its discovery responses regarding medical records and bills (as required by Rule 26(e)(1)).

5

*also S. States Rack & Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592, 596-97 (4th Cir. 2003).

### 1. Defendant's Motion to Exclude Plaintiff's Experts

Defendant moves to preemptively exclude both treating physicians and specially retained experts because Plaintiff failed to timely designate her experts, contending that despite the parties' oral agreement to a one-month extension for Plaintiff to designate her experts, she failed to draft an order regarding the proposed extension or to file belated expert designations.

Plaintiff's explanation for her failure to designate witnesses–the futility of expert examination prior to or immediately after her April 24, 2009 knee surgery–does not persuade. However, because Defendant knew such failures were forthcoming, the Court finds that the interests of justice require an extension of the timeline for trial in this case in order to complete discovery. Sanctions in the form of fees will still be awarded because Defendant had to file motions due to Plaintiff's lack of diligence.

Expert testimony constitutes evidence of paramount importance at trial, as it is necessary to prove the nature and extent of Plaintiff's medical damages. To move forward pursuant to a new trial date will prevent undue surprise and allow the case to proceed in an orderly fashion under an Amended Scheduling and Pretrial Order. Although Plaintiff's failure to comply with her obligations under Rule 26 is not "substantially justified," the Court finds that a continued trial date and an order that Plaintiff pay Defendant's costs, including reasonable attorney's fees, associated with bringing this motion provides sufficient sanction for the conduct before the Court. Defendant's Motion to Exclude Plaintiff's Experts will be DENIED.

### 2. Plaintiff's Motion to Exclude Evidence Regarding Plaintiff's Medical Bills and Medical Records Not Already Provided

Defendant asserts that Plaintiff has failed to respond to its interrogatories and requests for production seeking information about Plaintiff's medical records and bills, and in fact that Plaintiff has provided no responsive documents since litigation began.[3] (Plaintiff provided some bills and records to Defendant prior to litigation, accounting for $7,000 in medical bills.) Wal-Mart again seeks exclusion of evidence as a sanction for failure to follow discovery rules as to production of medical records and bills. (Def.'s Mem. Supp. Mot. Exclude Med. Bills & Records 4.)

In answering interrogatories, "the responding party may answer by ... specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them ...." Fed. R. Civ. P. 33(d)(1). "A party who has ... responded to an interrogatory, [or] request for production" must supplement its response "in a timely manner if the party learns that in some material respect the ... response is incomplete ...." Fed. R. Civ. P. 26(e)(1)(A).

Plaintiff contends in her memorandum in opposition to Defendant's Motion to Exclude Plaintiff's Medical Bills and Records (Docket No. 24) that she had no reason to think she needed to supplement her discovery responses with regard to producing medical bills and records because Plaintiff signed release authorizations for all of her medical providers, and Defendant

---

[3] Defendant served its First Set of Interrogatories and Requests for Production of Documents on Plaintiff on February 12, 2009. Plaintiff responded on April 16, 2009, stating that "Responsive documents are already in Defendant's possession. Any other documents will be made available as Plaintiff gains possession of said documents." (Pl.'s Answers to Def.'s Request for Production of Documents 2.) Plaintiff has not supplemented her answers.

7

has subpoenaed records from these providers. Such an arrangement does not satisfy Plaintiff's obligation under Rule 26(a)[4] to produce documents supporting her claim for damages, nor is it a sufficient answer to Defendant's Interrogatory 13[5] under Rule 33(d). *See, e.g., Tatum v. Schwartz*, No. Civ. S-06-1440-RRB EFB, 2007 WL 2220977 (E.D. Cal. Aug. 2, 2007) (holding discovery response referring to plaintiff's providing defendant with signed Authorization and Release forms inadequate, notwithstanding defendants' having subpoenaed certain medical records).

Rather than impose the drastic sanction of excluding evidence not provided to Defendant by Plaintiff, the Court will instead continue the trial and order Plaintiff to pay reasonable expenses, including attorney's fees, associated with Defendant's bringing its Motion to Exclude Medical Bills and Records. Fed. R. Civ. P. 37(c)(1)(A). Defendant's Motion to Exclude Plaintiff's Medical Bills and Records Not Yet Provided will be DENIED.

### 3. Defendant's Motion for Protective Order

On April 30, 2009, Plaintiff's counsel contacted Defendant's counsel and advised of his intention to take two Rule 30(b)(6)[6] depositions: one from someone with knowledge of Wal-

---

[4] "[A] party must, without awaiting a discovery request, provide to the other parties: . . . (iii) a computation of each category of damages claimed by the disclosing party–who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. . . ." Fed. R. Civ. P. 26(a)(1)(A)(iii).

[5] Defendant's Interrogatory 13 asks Plaintiff to "itemize in detail your medical damages, including but not limited to all of the medical and related expenses which you claim you have incurred . . . ." (Def.'s Mem. Supp. Mot. Exclude Pl.'s Medical Bills Ex. B & C.)

[6] "[A] party may name as the deponent a public or private corporation, a partnership, . . . or other entity and must describe with reasonable particularity the matters for examination. . . ." Fed. R. Civ. P. 30(b)(6).

8

Mart's security camera system, and another of someone responsible for training the maintenance crew or whoever maintains the floors during the day. (Pl.'s Mem. P. & A. Opp'n Def.'s Mot. Exclude Pl.'s Experts Ex. B (April 30, 2009 e-mail from Lawrence Thrower to Cameron Beck).) On May 1, 2009, defense counsel requested that Plaintiff provide draft 30(b)(6) notices so he could identify the proper deponents. (Def.'s Mem. P. & A. Supp. Mot. Protective Order 2 & Exs. A-B.) Plaintiff did not provide draft Rule 30(b)(6) deposition notices to Defendant until May 27, 2009. (*Id.* Ex. C.) The close of discovery occurred the following day, May 28, 2009. Defendant now seeks a Protective Order quashing the Plaintiff's 30(b)(6) deposition notices (including Requests for Production), on the basis that they are untimely.[7] (Def.'s Mem. P. & A. Supp. Mot. Protective Order 3.)

Rule 26(c) governs protective orders: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm that will result if no protective order is granted." *Sullivan v. Dollar Tree Stores, Inc.*, No. CV-07-5020-EFS, 2008 WL 706698, at *1 (E.D. Wash. Mar. 14, 2008).

For the reasons discussed above, and given the need for the parties to complete discovery in this matter, good cause to grant the protective order does not exist. Defendant's Motion for Protective Order will be DENIED. Plaintiff will be ordered to pay reasonable costs, including

---

[7] Rule 30(b)(1) requires that the deposing party must provide "reasonable written notice" to every other party that it wants to take a deposition. Here, written notice was not reasonable, as it was served 30 hours prior to the close of discovery, making the 30(b)(6) deposition a practical impossibility. *See also* Local Civ. R. 30(H) ("As a general rule, eleven (11) days in advance of the contemplated taking of a deposition shall constitute reasonable notice . . . .").

reasonable attorney's fees, associated with Defendant's bringing this motion. Plaintiff is admonished to comply with all discovery deadlines in the Amended Scheduling and Pretrial Order.

### IV. Conclusion

For the foregoing reasons, the Court shall DENY Plaintiff's Motion to Dismiss Without Prejudice Under Rule 41(a)(2). (Docket Nos. 21 & 22.) The Court shall DENY Defendant's Motion to Exclude Plaintiff's Experts (Docket No. 13), Defendant's Motion to Exclude Plaintiff's Medical Bills and Records (Docket No. 17), and Defendant's Motion for Protective Order (Docket No. 19).

The Court shall EXTEND DISCOVERY in this matter, and the trial date will be CONTINUED. Because the Court will extend discovery and continue the trial date, Defendant's Motion for Summary Judgment (Docket No. 25) is DENIED WITHOUT PREJUDICE.

Plaintiff will be ORDERED to pay reasonable expenses, including attorney's fees, associated with Defendant's bringing its Motion to Exclude Plaintiff's Experts, Motion to Exclude Plaintiff's Medical Bills and Records, Motion for Protective Order, and Motion for Summary Judgment.

An appropriate Order and Amended Scheduling Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 6-24-09